# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR22 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DARIUS CHRISTIAN, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 39) from the Magistrate Judge's order (Filing No. 33) granting in part and denying in part the Defendant's motion to disclose the location of the confidential informant ("CI") (Filing No. 19).[1]

## FACTUAL BACKGROUND

The Defendant, Darius Christian, was charged in the original Indictment in Count I with conspiracy to distribute and possess with intent to distribute cocaine base and in Counts II through V with distribution of cocaine base. Christian moved for disclosure of the location of the CI. The CI has been paid more than $24,000, and the defense states that the CI's name has been withdrawn from the state sex-offender registry. The defense suspects that the removal of the CI's name from the sex-offender registry is another benefit in exchange for his or her testimony in this case and seeks to investigate this and possibly other issues that might be revealed after interviewing the CI.

---

[1]The motion was also filed as a motion for the identity of the CI. However, the CI's identity was revealed, and therefore Christian seeks the location of the CI so that he or she may be interviewed well in advance of trial.

After oral argument on the motion, Judge Gossett denied the motion to compel in part and granted the motion in part, ordering that the government produce the CI on Thursday before trial for an interview by defense counsel. Judge Gossett stated his reasons orally on the record. (Filing No. 36, at 20-23.)

Christian appeals from Judge Gossett's order, arguing that due process requires that the CI be interviewed at least 10 days before trial and that Judge Gossett's order is an abuse of discretion.

After the appeal was filed, a Superseding Indictment was filed. It appears that the purpose behind the filing of the Superseding Indictment was the addition of Count VI (distribution of cocaine base).[2]

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A) the Court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

In a case involving a similar issue, the Eighth Circuit concluded:

> The government did produce the confidential informant for an interview by defense counsel and agreed to provide defense counsel with the confidential informant's criminal background, if any. Moreover, defense counsel already knew the identity of the confidential informant, his prior cooperation with the DEA in 1974, the fact that the DEA had paid the confidential informant for his assistance in 1974 and in 1982 and how much, and that the confidential

---

[2]The local rules state: "When a superseding indictment or information is filed, the government must simultaneously file a brief statement describing the differences between the original and superseding charges."  NECrimR 7.2.  The government did not comply with Rule 7.2.

2

informant was in fact the source of the tip. It also appears that appellant and the confidential informant had known each other for about three years. This information permitted defense counsel to adequately cross-examine the confidential informant.

*United States v. Large,* 729 F.2d 636, 640 (8th Cir. 1984).

Similarly, as Judge Gossett concluded, in this case defense counsel has adequate information with which to cross-examine the CI. Any additional information can be obtained during the interview that will be held on the Thursday before trial. Motions in limine may be filed the Friday before trial.

## CONCLUSION

For the reasons discussed, the appeal is denied and the Magistrate Judge's order is affirmed.

IT IS ORDERED:

1. The Defendant's appeal from the Magistrate Judge's Order (Filing No. 39) is denied; and

2. The Magistrate Judge's order granting in part and denying in part the Defendant's motion for identity of the location of the confidential informant (Filing No. 33) is affirmed.

DATED this 7th day of July, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge